IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERKLEY REGIONAL INS. CO. and
BERKLEY NATIONAL INS. CO.,

    Plaintiffs,

v.  No. 16-cv-0251 SMV/GBW

SB OILFIELD SERVICES, L.L.C.;
JUAN CARLOS GAMA; SCOTT BRANSON;
SAMANTHA SEGURA; and ISABELLA SEGURA;

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte following its review of the Complaint [Doc. 1], filed by Plaintiffs on April 4, 2016.  The Court has a duty to determine sua sponte whether subject matter jurisdiction exists.  *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction.  Therefore, the Court will order Plaintiffs to file an amended complaint no later than May 9, 2016, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On April 4, 2016, Plaintiffs filed their Complaint, asserting complete diversity between Plaintiffs and Defendants and asserting that the amount in controversy exceeds $75,000. [Doc. 1] at 2–3. In support of their claim of diversity of citizenship, Plaintiff Berkley Regional

Insurance Company reports that it is a citizen of Delaware and that Plaintiff Berkley National Insurance Company is a citizen of Iowa.  *Id.* at 2.  Plaintiffs further allege that all Defendants are citizens of New Mexico.  *Id.*  Of relevance to this order, Plaintiffs allege that Defendant "SB Oil is a New Mexico corporation with its principal place of business in Carlsbad, New Mexico." *Id.*  However, in the caption of the Complaint, Plaintiffs identify Defendant SB Oilfield Services as an "L.L.C." (i.e., a limited liability company), not a corporation.  Nowhere do Plaintiffs allege the citizenship of the members of Defendant SB Oilfield Services, L.L.C.  *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8.  Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction.  *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).  Subject matter jurisdiction cannot be waived and thus may be raised by the parties or the Court sua sponte at any time.  *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  § 1332(a).  Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332.  A corporation is deemed to be a citizen of the states in which it is incorporated and in which it maintains its principal place of business.  *See* § 1332(c).  Limited liability companies, however,

2

are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendant SB Oilfield Services, L.L.C., because they fail to allege the citizenship of its members. Plaintiffs may amend their Complaint to properly allege the citizenship of the members of Defendant SB Oilfield Services, L.L.C..

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall amend their Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 9, 2016**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **May 9, 2016**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**