IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BERKLEY REGIONAL INSURANCE COMPANY
and BERKLEY NATIONAL INSURANCE COMPANY,

    Plaintiffs,

vs.                                                                                                      Cause No. 16-cv-0251 SMV/GBW

SB OILFIELD SERVICES, LLC
JUAN CARLOS GAMA, SCOTT BRANSON,
and SAMANTHA SEGURA, individually
and as wife and next friend of
ROQUE SEGURA, an incapacitated person,
and ISABELLA SEGURA, a minor child,

    Defendants.

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs Berkley Regional Insurance Company ("BRIC") and Berkley National Insurance Company ("BNIC"), through their counsel, Riley, Shane & Keller, P.A. (Courtenay L. Keller) and Allen, Shepherd, Lewis & Syra, P.A. (Daniel W. Lewis), file this First Amended Complaint for Declaratory Relief and request this Court to enter a declaratory judgment finding no duty to defend or indemnify SB Oilfield Services, LLC, Juan Carlos Gama or Scott Branson under insurance policies issued by Plaintiffs to SB Oilfield Services, LLC ("SB Oil") related to the claims for damages by Samantha Segura in her individual and representative capacities ("Segura") in a lawsuit filed in the State of New Mexico, Fifth Judicial District Court, County of Eddy. The vehicle involved in the accident and driven by Defendant Gama was owned by S.B. Weed Control, LLC for which there is no coverage under the Berkley Policies. Accordingly, Plaintiffs owe no duty to defend or indemnify SB Oil, Juan Carlos Gama or Scott Branson

against the underlying state court complaint.  In support of their Complaint, Plaintiffs BRIC and BNIC state and allege the following:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiffs seek a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201concerning their rights and obligations under three insurance policies issued to their named insured, SB Oil.

2. The subject of this declaratory judgment action is an actual controversy between the parties concerning the availability of coverage for damages claimed by Segura as a result of a motor vehicle accident that occurred on October 17, 2014, in Eddy County, New Mexico.

3. Berkley Regional Insurance Company is a Delaware corporation with is principal place of business in the State of Connecticut.

4. Berkley National Insurance Company is an Iowa corporation with its principal place of business in the State of Iowa.

5. SB Oil is a New Mexico limited liability company with its principal place of business in Carlsbad, New Mexico.  Upon information and belief, the members of SB Oil are Jade Branson, Johnna Branson, Jordan Branson Bowen and Bo Bowen.  Upon information and belief, all of the members of SB Oil are citizens of the States of New Mexico or Texas.  None of the members is a citizen of the States of Delaware, Connecticut or Iowa.

6. Upon information and belief, Juan Carlos Gama is a citizen of the State of New Mexico.

7. Upon information and belief, Scott Branson is a citizen of the State of New Mexico.

8. Samantha Segura, the wife of Roque Segura and the mother of Isabella Segura, is a citizen of the State of New Mexico.

9. The United States District Court has original, diversity jurisdiction over this civil action pursuant to 28 U.S.C. Section 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs based on the limits of the Berkley Policies and the claims asserted in the underlying state court lawsuit.

10. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. Section 2201(a), in a case of actual controversy within its jurisdiction, this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id*.

## THE SUBJECT ACCIDENT & STATE COURT COMPLAINT

12. On October 17, 2014, a motor vehicle driven by Roque Segura collided with a vehicle driven by Juan Gama at the intersection of Ferguson Road and Grandi Road in Eddy County, New Mexico.

13. Juan Gama was driving a 2007 Peterbilt tractor-trailer (VIN 1XP5DB9XX7N646101), which was owned by SB Weed Control, LLC ("SB Weed") and insured by Employers Mutual Casualty Company under a commercial auto policy issued to SB Weed Control, LLC and SB Oilfield Services, LLC with limits of $1 million and an Axis excess liability policy with limits in the amount of $5 million.

14. At the time of the accident, Juan Gama was employed as a mechanic by SB Oil.

15. Roque Segura sustained injuries as a result of the accident.

16. As a result of the accident, Segura filed a lawsuit in the State of New Mexico, County of Eddy, Fifth Judicial District, Cause No. D-503-CV-2015-000046 wherein Segura is Plaintiff and Juan Carlos Gama, Scott Branson, S.B. Weed Control, LLC, SB Oilfield Services, LLC and Dos Amigos Transport, LLC are named as Defendants. A copy of the state court complaint is attached hereto as Exhibit A.

## THE BERKLEY COMMERCIAL AUTO POLICY

17. BRIC issued a "Commercial Lines Policy" (No. ECA 3107609) ("the Berkley Commercial Auto Policy") to its named insured "SB Oilfield Services, LLC", which was in effect from 10/01/14 to 10/01/15. *See* Exhibit B (Due to its volume, only relevant parts of the policy are attached hereto pursuant to D.N.M. LR-Civ. 10.4). While the Berkley Commercial Auto Policy provided liability coverage for occurrences involving covered autos, the Policy expressly excluded coverage for autos owned by S.B. Weed Control, LLC.

18. The "Common Policy Declarations" indicate that the only "coverage part" included in the policy is a "Commercial Auto Coverage Part." (Form IL DS 83 00 03 1, at pg. 1 of 2).

### The Scope of "Covered Autos Liability Coverage"

19. As more fully set out below, "Item Two" of the "Business Auto Declarations" states (a) the policy provides only those types of coverages where a charge is shown in the premium column; and (b) the various types of coverage apply only to those autos designated as "covered autos" for each particular type of coverage.

20. Liability coverage applies only to autos designated by the numerical symbols 8 and 9.

21. The meaning of symbols 8 and 9 is explained in the "Business Auto Coverage Form." "SECTION I – COVERED AUTOS" reiterates that the numerical symbols entered next to a type of coverage in "Item Two of the Declarations" designates the only autos that are considered "covered autos" for purposes of that type coverage.

22. Liability coverage applies to "Hired 'Autos' Only" (Symbol 8) and "Non-owned 'Autos' Only" (Symbol 9).

23. The Policy also specifies that coverage for "Non-owned" autos is extended only to SB Oil's business operations that *do not* involve "garage service operations."

24. Liability coverage for Non-owned autos applies to SB Oil's "other than garage service operations" only.

25. Finally, the insuring agreement contained in the "Business Auto Coverage Form" states "Covered Autos Liability Coverage" applies only to damages caused by an accident and "resulting from the ownership, maintenance or use of a *covered 'auto'*." *See* SECTION II - COVERED AUTOS LIABILITY COVERAGE, A. Coverage (Form CA 00 01 10 13, at pg. 2 of 12) (emphasis added).

26. Therefore, Liability coverage for Non-owned autos applies only to damages resulting from maintenance or use of autos that are (a) leased, hired, rented, or borrowed by SB Oil from others (not including employees and LLC members); and (b) autos used in connection with the non-garage service operations of SB Oil.

### The Express Exclusion of Autos Owned and Covered by SB Weed

27. Moreover, the Berkley Commercial Auto Policy *expressly excludes* coverage for vehicles owned and covered by SB Weed Control, LLC.

28. The Berkley Commercial Auto Policy contains an endorsement entitled "Exclusion or Excess Coverage Hazards Otherwise Insured" ("the otherwise insured' endorsement"), which provides in pertinent part:

---

**EXCLUSION OR EXCESS COVERAGE**
**HAZARDS OTHERWISE INSURED**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE PART
*BUSINESS AUTO COVERAGE FORM*
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| Named Insured: SB Oilfield Services, LLC |
| Endorsement Effective: 10/01/2014 |

**SCHEDULE**

| |
|---|
| Designation Or Description Of Covered "Autos" You Own: |
| *Any auto owned and covered by SB Weed Control LLC* |

When you do not want Covered Autos Liability Coverage to apply to the covered "autos" you own that are designated in this endorsement *because you have other insurance*, the following provision indicated by an "X" . . . will apply:

| X | Covered Autos Liability Coverage *does not* apply. |
|---|---|
| | Covered Autos Liability Coverage does not apply to "bodily injury" or "property damage" occurring before the other insurance ends. |

| | |
|---|---|
| | Date other insurance ends: |
| | Covered Autos Liability Coverage does not apply to "bodily injury" or "property damage" occurring before the other insurance ends except to the extent damages exceed the limits of the other insurance. . . . |

(Form CA 99 40 10 13) (emphasis added).

---

29.  In accordance with the "otherwise insured" endorsement, the Berkley Commercial Auto Policy does not provide liability coverage for "any auto owned and covered by SB Weed Control LLC" because those autos are "otherwise insured."

30.  Therefore, based on the above policy provisions, the Berkley Commercial Auto Policy does not provide coverage for the subject accident because Juan Gama was driving a vehicle owned and otherwise insured by SB Weed in connection with the garage service operations of SB Oil.

## THE BERKLEY ENERGY COMMERCIAL GENERAL LIABILITY POLICY

31.  BNIC issued an "Energy Commercial General Liability Policy" (No. EGL000251712) ("the Berkley CGL Policy") to its named insured "SB Oilfield Services, LLC", which was in effect from 10/01/14 to 10/01/15.  *See* Exhibit C (Due to its volume, only relevant parts of the policy are attached hereto pursuant to D.N.M. LR-Civ. 10.4).

32.  The Berkley CGL Policy *expressly excludes* liability coverage for bodily injury damages arising out of the "use" of an automobile and negligent hiring, training, supervision, and retention of others in connection with the use of an automobile.

33.  Based on the auto exclusion, Plaintiffs do not owe a duty to defend or a duty to indemnify SB Oil, Juan Carlos Gama or Scott Branson under the Berkley CGL Policy.

7

**THE BERKLEY COMMERCIAL UMBRELLA LIABILITY POLICY**

34.     BNIC issued an "Energy Commercial Umbrella Liability Policy" (No. EUL000251812) ("the Berkley Umbrella Policy") to its named insured "SB Oilfield Services, LLC", which was in effect from 10/01/14 to 10/01/15.  *See* Exhibit D (Due to its volume, only relevant parts of the policy are attached hereto pursuant to D.N.M. LR-Civ. 10.4).

35.     The Berkley Umbrella Policy lists the Berkley CGL policy and the Berkley Commercial Auto Policy in the "Schedule of Underlying Insurance." (Form EUL 6004 03 10, at pg. 1 of 2).

36.     The Berkley Umbrella Policy includes "Coverage A -- Excess Follow Form Liability Insurance" and "Coverage B -- Umbrella Liability Insurance." (Form EUL 6000 10 14, at pg. 3 of 27).

37.     Coverage A is a "follow form" type of coverage, which means the terms and conditions of the underlying insurance are "made part of" the umbrella policy.  *See* I. COVERAGES, A. Coverage A -- Excess Follow Form Liability Insurance (Form EUL 6000 10 14, at pg. 3 of 27).

38.     Coverage A does not apply to damages "[i]f [the] UNDERLYING INSURANCE does not apply . . . for reasons other than exhaustion of applicable Limits Of Insurance by payment of CLAIMS, settlements, or judgments . . . ." *See* I. COVERAGES, A. Coverage A -- Excess Follow Form Liability Insurance (Form EUL 6000 10 14, at pg. 3 of 27).

39.     In contrast, Coverage B affords "umbrella" liability coverage subject to the terms and conditions applicable to Coverage B, but *does not* apply if coverage is afforded under an underlying insurance policy or would have been except for the exhaustion of limits of the

8

underlying insurance. *See* I. COVERAGES, B. Coverage B -- Umbrella Liability Insurance (Form EUL 6000 10 14, at pg. 3 of 27) (emphasis added).

40. However, Coverage B *expressly excludes* liability coverage for bodily injury damages arising out of the "use" of an automobile and negligent hiring, training, supervision, and retention of others in connection with the use of an automobile.

41. Therefore, pursuant to the Policy provisions referenced above, Plaintiffs owe no duty to defend or duty to indemnify SB Oil, Juan Carlos Gama or Scott Branson under the Berkley Umbrella Policy.

## REQUEST FOR DECLARATORY RELIEF

42. Based on the foregoing Policy provisions, governing New Mexico law, the allegations of the underlying state court complaint, and the circumstances of the subject accident in this case, BRIC and BNIC respectfully request that this Court declare and enter judgment as follows:

Plaintiff owes no duty to defend or indemnify SB Oil, Juan Carlos Gama or Scott Branson against the claims of Segura in the underlying state court lawsuit under:

   a. The Berkley Commercial Auto Policy;

   b. The Berkley CGL Policy; or

   c. The Berkley Commercial Umbrella Policy.

WHEREFORE, Plaintiffs Berkley Regional Insurance Company and Berkley National Insurance Company respectfully request that this Court enter its Judgment, Declaration and Decree as requested above, that the Court's Judgment, Declaration and Decree be binding upon all Defendants and upon any other parties who may be joined in this matter, and grant such other

and further relief as deemed just and proper by this Court. Plaintiffs further pray for an award of costs incurred in bringing this Complaint.

                                        Respectfully submitted,

**RILEY, SHANE & KELLER, PA**

By: */s/ Courtenay L. Keller*
    **COURTENAY L. KELLER**
    *Attorneys for Plaintiffs*
     *Berkley Regional Insurance Company and*
     *Berkley National Insurance Company*
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030
    ckeller@rsk-law.com


ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

  */s/ Daniel W. Lewis*
Daniel W. Lewis
*Attorneys for Plaintiffs*
 *Berkley Regional Insurance Company and*
 *Berkley National Insurance Company*
P. O. Box 94750
Albuquerque, New Mexico 87199-4750
(505) 341-0110
dlewis@allenlawnm.com